IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. LONNIE LILLARD, Defendant-Appellant. | C.A. Nos. 18-30106 and 18-30114 D.C. Nos. 2:16-cr-00007-RSM-1 & 2:12-cr-00339-RSM-1, Respectively Western District of Washington, Seattle |

## UNOPPOSED MOTION OF THE UNITED STATES FOR A LIMITED REMAND

The United States, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Charlene Koski, Assistant United States Attorney for said District, hereby files this motion, pursuant to Rule 27 of the United States Court of Appeals for the Ninth Circuit, to request a limited remand due to new information regarding the number of victims in this case. Counsel for the defense has indicated Lillard does not oppose the government's motion.

## I. Procedural and Factual Background

Defendant-Appellant Lonnie Lillard pleaded guilty to Conspiracy to Commit Bank Fraud and received a prison sentence of 196 months.

Dkt. 254.[1]  His projected release date is March 30, 2030.  The fraud involved reprogramming individual point-of-sale terminals to fraudulently obtain refunds from retail merchants on various debit, credit, and gift cards issued by banks and retailers.  Conspirators then withdrew those funds at various bank branches and automated teller machines, or through the purchase of money orders.

Following sentencing, Lillard filed an appeal.  On September 13, 2018, this Court adopted the Appellate Commissioner's report and recommendation denying Lillard's request to represent himself on appeal and appointed counsel.  CR_13.  Lillard filed a petition for a writ of certiorari, which is still pending.  On February 14, 2019, this Court denied his attorney's unopposed motion to stay proceedings pending resolution of that petition.  CR_21.  The Opening Brief is currently due March 18, 2019.

Before sentencing Lillard, the district court held an extensive four-day evidentiary hearing to determine a number of issues regarding the applicable Sentencing Guidelines calculations including actual and

---

[1] "Dkt." refers to docket entry numbers in the underlying district court case, No. 2:16-cr-00007-RSM-1 (WDWA); "CR_" refers to docket entries in C.A. No. 18-30106.

intended loss amounts and whether Lillard and his co-defendant had aggravating roles in the crimes. Dkt. 251. The hearing also addressed issues pertaining to restitution. Additionally, and as relevant to this motion, the court determined that the crime of conviction involved ten or more victims and that a two-level enhancement to the total-offense level therefore applied under USSG § 2B1.1(b)(2)(A)(i). Dkt. 198 at 22. To qualify as a "victim" under that provision, an entity must have suffered some portion of the actual loss amount as determined under USSG § 2B1.1(b)(1), which in this case was $5.8 million. USSG § 2B1.1, cmt. n.1.

To demonstrate the crime involved ten or more victims, the government presented testimony from case agents who, in turn, had consulted with, and received information from, internal security investigators employed by the payment-processing companies affected by the fraud, including Vantiv and Chase Paymentech. At the time of the evidentiary hearing, the government understood, based on information it had received from the internal security investigators, that a number of merchants affiliated with Chase and Vantiv had suffered part of the actual loss amount. In January 2019, however,

while attempting to obtain merchant addresses for restitution purposes, the government learned for the first time that, in fact, Chase had subsumed its merchants' losses. Upon further investigation, the government has now confirmed that Chase subsumed those losses approximately 185 days after the fraud in this case was initially reported, which means the information presented to the district court at the evidentiary hearing, although believed to be true when presented, was outdated and thus no longer accurate. The government is also investigating whether Vantiv subsumed more of its merchants' losses than initially believed, but has thus far been unable to confirm whether that is the case. Although the government maintains there were still ten or more victims of this criminal conspiracy, such a determination would now depend on evidence and argument not presented to the district court at the initial sentencing hearing.

The United States has informed counsel for Lillard and his co-defendant Nathaniel Wells[2] that the information presented during the hearing was not accurate.

---

[2] *United States v. Nathaniel Wells*, C.A. Nos. 18-30074 and 18-30077. The government is also filing a motion for limited remand in that case.

## II.   This Court Should Order a Limited Remand

Prior to considering the merits of an appeal, this Court may issue a limited remand to allow a district court to conduct further proceedings consistent with the remand.  *United States v. Washington*, 172 F.3d 1116, 1118 (9th Cir. 1999); *Mirchandani v. United States*, 836 F.2d 1223 (1988).  When granting such a remand, this Court retains jurisdiction over the appeal, but stays the case pending resolution in the district court.  *See, e.g., United States v. Kott*, 333 F. App'x 204, 205 (9th Cir. 2009) (unpublished).  In this instance, a limited remand by this Court would allow the district court to recalculate the number of victims in this case based on newly discovered information and, if necessary, make any related adjustments to the Guidelines calculation and sentence under 18 U.S.C. § 3742(a)(2).  That provision allows for resentencing when a defendant's sentence was imposed as a result of an incorrect application of the Sentencing Guidelines.

The United States is suggesting only a limited remand because these changed circumstances affect only the district court's calculation of the victim enhancement applied to Lillard's sentence.  The government thus asks this Court to issue a remand for the limited

purpose of recalculating the victim enhancement and making any related sentencing adjustments.  Counsel for Lillard has indicated that Lillard does not oppose this motion.

DATED this 8th day of March, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney
Western District of Washington

 s/Charlene Koski
CHARLENE KOSKI
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone:  (206) 553-7970

# DECLARATION

1. I am the Assistant United States Attorney for the Western District of Washington who is responsible for representing the government on appeal in *United States v. Lonnie Lillard*, C.A. Nos. 18-30106 and 18-30114. In that capacity, I have personal knowledge of the facts stated herein and, if called as a witness, could testify thereto.

2. I have consulted with Erin Becker, one of the Assistant United States Attorneys who tried this case. She informed me that, in January 2019, while obtaining addresses for purposes of restitution, the government learned that Chase had subsumed its merchants' losses. It was unclear at that point whether Chase had subsumed the losses before the evidentiary hearing to determine sentencing issues had taken place.

3. Upon further investigation, the government confirmed Chase subsumed its merchants' losses approximately 185 days after the fraud in this case was initially reported, which meant information regarding the number of victims presented to the district court at the evidentiary hearing, although believed to be true when presented, was outdated and thus no longer accurate.

4.      The government is also investigating whether Vantiv subsumed more of its merchants' losses than initially believed, but has thus far been unable to confirm whether that is the case.

5.      I have spoken with Suzanne Elliott, assigned counsel for Lonnie Lillard, about this motion.  Ms. Elliott has represented that her client does not object to a limited remand.

DATED this 8th day of March, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney
Western District of Washington

*s/Charlene Koski*
CHARLENE KOSKI
Assistant United States Attorney